*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN LEONOWICZ and SUSAN LEONOWICZ,

        Plaintiffs-Appellants,

v

JONI ZAITONA and NANCY ZAITONA,

        Defendants-Appellees,

and

NAJIB JADAN,

        Defendant.

UNPUBLISHED
December 12, 2024
2:20 PM

No. 366228
Oakland Circuit Court
LC No. 2019-174808-CZ

Before: LETICA, P.J., and GARRETT and FEENEY, JJ.

FEENEY, J. (*concurring dubitante*).

I reluctantly concur.

My reluctance is based on the fact that defendants consented to the jury instructions. As this Court has often said, we do not abide a party harboring error to use as an appellate parachute. See, e.g., *LeFever v Matthews*, 336 Mich App 651, 670 n 3; 971 NW2d 672 (2021) ("To allow a party to assign error on appeal to something that he or she deemed proper in the lower court would be to permit that party to harbor error as an appellate parachute.") As the majority points out, defendants' motion for JNOV, new trial, or remittitur did not argue that the jury instructions were erroneous. But nevertheless, the trial court's opinion granting the motion intertwined its analysis with its own determination that the instructions given to the jury by the trial court were, in fact, erroneous and led the jury to reach a verdict not supported by the evidence. In short, it was the trial court, not defendants, that deployed the appellate parachute in this case.

I am reluctant to affirm the trial court because it is not clear whether the trial court would have granted the motion had it merely analyzed the motion in the light of the jury instructions actually given and consented to by the parties. I understand and sympathize with the trial court's frustration with the parties, and in particular defendants, for their lack of due diligence in crafting

-1-

the custom jury instructions in this case. Nonetheless, it was the trial court's obligation to ensure that the jury was properly instructed. Perhaps recognizing the need for special instructions in this case would have merited a delay in starting the trial until the parties and the trial court were satisfied that legally adequate instructions had been drafted.

Accordingly, I concur in the result reached by the majority, but I express my reluctance to do so when the trial court based its reasoning, at least in part, on a dissatisfaction with the jury instruction that the trial court itself decided to give and to which defendants consented. This is not a procedure that I endorse.


/s/ Kathleen A. Feeney